**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORRAINE MORAN,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Civil Action No. 24-10277 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendant the United States of America's (the "Government") Motion to Dismiss (ECF No. 17) Plaintiff Lorraine Moran's ("Plaintiff") Complaint (ECF No. 1). To date, Plaintiff has filed no opposition, and thus the Court deems the Motion to Dismiss unopposed.[1] After careful consideration of the Government's submission, the Court decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendant's Motion to Dismiss is granted.

**I.    BACKGROUND**[2]

      On or about December 15, 2022, Plaintiff was driving in Point Pleasant, New Jersey when her vehicle was hit by a postal truck driven by Corliss E. Pretto ("Pretto") and owned by the Government and/or the United States Postal Service ("U.S.P.S."). (Compl. ¶¶ 6-8, ECF No. 1.) As

---

[1] Defendant's Motion to Dismiss was set for August 4, 2025, which made Plaintiff's deadline to file any opposition July 21, 2025.

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

a result of this vehicle collision, Plaintiff "sustain[ed] severe bodily injuries to her neck[,] including but not limited to a disc herniation at C6-7." (*Id.* ¶ 11.) Plaintiff alleges that Pretto was an agent, employee, servant, or permissive user of the Government or the U.S.P.S. and that Defendant is vicariously liable for Pretto's negligent actions. (*Id.* ¶¶ 9-10.)

On May 9, 2024, Plaintiff filed a Standard Form 95 Claim for Damages, Injury, or Death. On November 4, 2025, Plaintiff filed the instant action. (*See generally id.*) The Government has moved to dismiss (Gov't's Moving Br., ECF No. 17), and Plaintiff has not responded. The motion is now ripe for review.

## II.   LEGAL STANDARD

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[3] Fed. R. Civ. P. 12(b)(1), (h)(3). The Court may treat a party's motion as either a facial or factual challenge to the Court's jurisdiction. *Dickerson v. Bank of Am., N.A.*, No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). When considering a facial attack, "the Court must consider the allegations of the complaint as true," akin to treatment of a 12(b)(6) motion. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Additionally, the Court may only consider documents referenced in the complaint and attached thereto, in the light most favorable to the plaintiff. *Gould Elecs.*, 220 F.3d at 176 (citing *Mortenson*, 549 F.2d at 891). In contrast, when considering a factual attack, the Court is "free to weigh the evidence and satisfy itself" that it has jurisdiction, and "no presumptive truthfulness attaches to plaintiff's allegations." *Mortenson*, 549 F.2d at 891.

---

[3] All references to "Rule" hereafter refer to the Federal Rules of Civil Procedure.

2

## III.  DISCUSSION

The Government argues that the Court should dismiss Plaintiff's Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction for two reasons: (1) Plaintiff filed her Federal Tort Claims Act ("FTCA") claim prematurely and equitable tolling does not apply; and (2) Plaintiff does not allege a sum certain amount for her personal injuries as required by the FTCA. (*See generally* Gov't's Moving Br.)

The Government first argues that dismissal is appropriate because Plaintiff failed to exhaust her administrative remedies before filing suit. (*Id.* at 4-6.) Under the FTCA, before a claimant may bring judicial proceedings against the United States, she must first exhaust administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) ("No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim."). To exhaust administrative remedies, a claimant must "present[] the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If the agency does not make a final disposition of the claim "within six months after it is filed," it "shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." *Id.* The exhaustion requirement is critical for the survival of an FTCA claim because the statute's administrative exhaustion requirement is "jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).

Here, Plaintiff filed her administrative torts claim with the U.S.P.S. on May 9, 2024 (Compl. ¶ 13) and filed the instant suit on November 4, 2024 (*see generally id.*). Plaintiff's FTCA claim is thus premature because she filed suit before the six-month deadline had passed. (*See generally id.*); 28 U.S.C. § 2675(a). Because Plaintiff failed to adhere to the FTCA's strict

3

administrative exhaustion requirement, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.[4] *See Estrella v. Yahav*, No. 154286, 2016 WL 1230555, at *4 (D.N.J. Mar. 29, 2016) (holding that "because Plaintiff has failed to exhaust administrative remedies . . . the Court must dismiss the matter for lack of subject matter jurisdiction"); *Martinez v. U.S. Post Off.*, 875 F. Supp. 1067, 1074-77 (D.N.J. 1995) (dismissing an FTCA claim for lack of subject matter jurisdiction because the plaintiff failed to exhaust administrative remedies); *Telchin v. Perel*, No. 14-1848, 2014 WL 2451378, at *2 (D.N.J. June 2, 2014) (same).[5]

## IV. **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is granted. The Court will issue an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] The Court also finds that equitable tolling does not apply to the instant action. "[E]quitable tolling is a doctrine that traditionally applies when a plaintiff files [her] claim too late, not too early." *Walker v. United States*, 616 F. App'x 497, 500 (3d Cir. 2015). Here, Plaintiff has filed her action too early, not too late, and so equitable tolling does not apply. *See Belkis v. Ortiz*, No. 21-10322, 2022 WL 1237825, at **5-6 (D.N.J. Apr. 27, 2022) (holding that equitable tolling was inapplicable because a plaintiff filed a claim too early).

[5] As the Court has found that it lacks subject matter jurisdiction, it declines to address Defendant's remaining arguments.